**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.: 5:08-CV-00161-TBR**

**EDDIE WESTBROOK**                                                                                **PLAINTIFF**

v.

**U.S. UNITED BARGE LINE, LLC**                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant, U.S. United Barge Line, LLC's, Motion for Summary Judgment (Docket #16). Plaintiff, Eddie Westbrook, has filed a response (Docket #19). Defendant has filed a reply (Docket #24). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Summary Judgment is DENIED.

**BACKGROUND**

On April 10, 2007, Eddie Westbrook ("Westbrook") was injured while employed by Defendant U.S. United Barge Line, LLC ("United Barge"), as a member of the crew of its vessel, M/V Abby S. Westbrook states around 11:10 a.m., just after beginning his watch, he was climbing a set of stairs from the lounge of the vessel to the vessel's second deck in order to get a mop to use as part of his cleaning duties. While climbing the stairs he fell backwards down the steps and landed on his right hip and buttocks and bumped his head. Westbrook alleges at the time of his fall the stairs did not have any handrails for him to grab to prevent him from falling. Westbrook further alleges, had handrails been present, he would not have fallen to the bottom of the stairs and been injured.

After the fall, Westbrook completed an Injury/Illness Incident Report Form where he described the incident. He explained, "going up steps from lounge to second deck about half way up triped (sic) fell backwards down steps. landed on right hipp (sic) and back of head. Going up steps a little to (sic) fast."

After being injured, Westbrook was taken off the vessel and was taken to East Jefferson General Hospital Occupational Medicine Clinic in Kenner, Louisiana, where he was seen by Dr. R. Joseph Tammie. Several United Barge representatives met Westbrook at the medical facility and Westbrook approved and signed a statement regarding the incident at that time. In that statement, Westbrook again declared he was "rushing a bit" and "mis-stepped;" he stated the stairs were dry and clear of any obstructions. He was also met at the medical facility by Ms. Carolyn P. Simmons, a registered nurse with Simmons Medical Management, Inc. Westbrook gave a statement to Simmons regarding his injury. Simmons completed at least two reports which state ". . . [Westbrook] reports the stairs did not have any railings to hold onto."

Westbrook filed this action on September 29, 2008, asserting a negligence claim under the Jones Act, 36 U.S.C. § 304 *et seq*. and a claim for unseaworthiness under the General Maritime Law. As stated, Westbrook alleged the stairs did not have handrails. He also brought a claim for maintenance and cure benefits under the General Maritime Law. United Barge has now moved for summary judgment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."

*Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The nonmoving party must present more than a mere scintilla of evidence in support of his position; the nonmoving party must present evidence on which the trier of fact could reasonably find for the nonmoving party.  *See Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### DISCUSSION

**I. Jones Act Negligence**

The term negligence under the Jones Act is given a broad and liberal construction by courts.  1B-III BENEDICT ON ADMIRALTY § 21.  The term negligence includes "'any knowing or careless breach of any obligation which the employer owes to the seamen.'" *Id.* (citations omitted).  The term obligation

> is in turn liberally construed; it is subject to a much broader interpretation under the Jones Act than under the common law, and is usually cast in terms of the shipowner's duty to provide seamen with a safe place to work and to furnish them with a seaworthy vessel and appliances.

*Id.* (internal citations omitted); *Yehia v. Rouge Steel Corp.*, 898 F.2d 1178, 1184 (6th Cir. 1990)(stating an "employer has a duty to use reasonable care to furnish his employees a safe place to work"). In short, in order to prevail under the Jones Act, "a plaintiff must show that [the] employer failed to provide a safe workplace by neglecting to cure or eliminate obvious dangers of

which the employer or its agents knew or should have known and that such failure caused the plaintiff's injuries and damages."*Rannals v. Diamond Jo Casino*, 265 F.3d 442, 449 (6th Cir. 2001). The plaintiff must therefore show "actual or constructive notice to the employer of the defective condition that caused the injury." *Id.* (citing *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir. 1993)).

### II. General Maritime Law (Unseaworthiness)

While a shipowner is not required to furnish an accident free ship, under the Doctrine of Unseaworthiness, a shipowner owes an absolute and nondelegable duty to a seaman to furnish a vessel that is reasonably safe and fit for its intended purpose. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). Once unseawothiness is shown, the plaintiff must prove that the unseaworthy conditions proximately caused his injury. *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1463 (6th Cir. 1993).

The duty to furnish a reasonably safe vessel is independent of the duty under the Jones Act to exercise reasonable care. *Id.* ; *see also Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir.), *cert. denied*, 488 U.S. 968 (1988). This Doctrine of Unseaworthiness is, therefore, a form of strict liability. *See generally, Ezekiel v. Volusia S.S. Co.*, 297 F.2d 215, 218 (2d Cir. 1961) (Clark, J. dissenting), *cert. denied*, 369 U.S. 843 (1962). As Judge Clark of the Second Circuit explained,

> The duty it creates is absolute; the exercise of due care will not discharge this obligation. If an injury occurs as a result of an unseaworthy condition it matters not what efforts the defendant took, or might have taken, to avoid the injury. Blameless he may be; nevertheless he is liable. He is liable even if the unseaworthy condition is created by the negligence of the plaintiff.

*Id.*

### III. Handrails

In this case, the material fact at issue is the presence or absence of handrails in the stairwell in question leading from the lounge to the second deck. Westbrook states that absence of handrails at the time of his fall would be a breach of United Barge's duty to provide a safe place for Westbrook to work and would thus constitute negligence under the Jones Act. Additionally, absence of the handrails would make the vessel unseaworthy. Similarly, United Barge states the only possible cause that could possibly lead to a finding of negligence or unseaworthiness is the alleged lack of handrails in the stairwell.

Westbrook contends that he has submitted sufficient evidence to make the presence or absence of the handrails a genuine issue of material fact in dispute. Westbrook has submitted both his deposition and affidavit in which he asserts handrails were not present. He has also submitted the history he gave to nurse Simmons on the day of his injury where he stated handrails were not present.

United Barge argues that overwhelming evidence confirms that the stairwell at issue was in fact equipped with a handrail on each side. First, United Barge points to the vessel construction specifications dated February 19, 1982. These documents set forth that stainless steel handrails would be provided on both sides of the interior stairwells. United Barge next sets forth the testimony of Captain Larry Plumlee wherein he states that the stairwell has been equipped with handrails continuously for the seven years he has been familiar with the vessel. Finally, United Barge presents photographs of the stairwell which were presented in both Westbrook's and Capt. Plumlee's depositions.

It is not proper for the Court on a Motion for Summary Judgment to weigh the evidence,

determine the truth of the matter, or make findings of fact. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1436 (6th Cir. 1987). The Court must determine, however, if the "evidence presents a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The Court finds that the presence or absence of handrails is a genuine issue of material fact that is in dispute; therefore, summary judgment is not proper. Both parties have presented evidence as to the presence and absence of the handrails, but the Court must take the facts in a light most favorable to the non-moving party, Westbrook. Taken in such a light, the facts present a genuine issue regarding the presence of handrails.

First, Westbrook presents the reports of nurse Simmons which state that he reported there were no handrails present when he fell. Next, Westbrook presents his deposition and affidavit testimony. Westbrook stated in his deposition "I don't remember–I cleaned these walls, and I don't remember no railings being there." A reasonable juror could conclude that Westbrook was stating that there were no railings there at the time of the fall. The affidavit of Westbrook attached to his response to summary judgment is not contradictory to the testimony in his deposition. In his affidavit, Westbrook states, "I was confused by this question, and I answered that I just could not remember. By saying this I did not mean to say or imply that I was not sure about this, but rather I was stating again that there were no handrails present." Westbrook's statements in his affidavit merely clarify the statements in his deposition which could reasonably be interpreted as stating there were no handrails present at the time of his fall.

Additionally, during his deposition, when questioned about the photographs of the stairwell

at issue Westbrook stated he does not "remember no railings being up there." This creates a factual dispute about the photographs and the accuracy of what they depict. Again, taking the facts in a light most favorable to Westbrook, the evidence presents a sufficient disagreement to require submission to a jury; therefore, summary judgment is improper.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Defendant's Motion for Summary Judgment is DENIED.